(38 South. 616.)

No. 15,533.

BROUSSARD et al. v. GUIDRY et al.

(May 8, 1905.)

PARTITION—SUIT TO RE-ESTABLISH—DEFENSES —EVIDENCE—POSSESSION.

Where, in a proceeding under Act No. 57, p. 92, of 1886, as amended by Act No. 30, p. 35, of 1900, to re-establish a partition in kind of a tract of land, the defendants assert that the owners in common each took possession of the parcel allotted to him, it cannot be successfully contended that one of the co-owners, who thereafter sold and put his vendee in possession of part of such tract, did not take possession thereof, and that the same was not partitioned, and the superstructure of the defense, based on such a proposition, must fall with the foundation.

(Syllabus by the Court.)

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; Minos Thomas Gordy, Judge.

Action by Eloi Broussard and others against Scholastie Guidry and others. Judgment for defendants, and plaintiffs appeal. Reversed.

Charles D. Caffery, for appellants. Walter Brown Gordy, for appellees.

Statement.

MONROE, J. This suit is brought under Act No. 57, p. 92, of 1886, as amended by Act No. 30, p. 35, of 1900, by the successors in title of Sarrazin and Eugene Broussard against the successors in title of Euzeb Guidry, to re-establsh a partition made by the parties named, the evidence of which was destroyed by fire in 1885, with the courthouse in which it was filed. The petition describes the property which was the subject of the partition as "a body of land, of 1003.70 acres, represented by sketch annexed to and made part hereof, * * * situated in said parish of Vermilion (a small portion being in the parish of Lafayette), and forming part of the Francois Broussard concession, * * * bounded north by land of Dupre Broussard and others, south by land of Antoine Trahan and others, east by Bayou Vermilion, and west by lands of Hilaire Broussard and others"; and it alleges that the partition was effected many years ago by act before August Muisset, notary, in the parish of Vermilion; that Sarrazin Broussard thereby acquired the southern part of the tract, containing 338 acres; that Eugene Broussard acquired the portion of the tract, containing 363 acres, lying immediately to the north of that acquired by Sarrazin Broussard; and that Euzeb Guidry acquired the portion of said tract, containing 305.70 acres, lying immediately to the north of that acquired by Eugene Broussard—all as appears upon a sketch marked "A," annexed to the petition.

The defendants admit that "Euzeb Guidry, Eugene Broussard, and Sarrazin Broussard acquired the tract of land in question from the succession of Joseph Broussard; * * *" that the said tract of land "is bounded as alleged in the petition;" that the parties named "subsequently partitioned the same, in kind, by act passed before the notary alleged in the petition; * * * that in said act of partition each of the parties accepted and took possession of the portion and quantity of land allotted to him; * * * that Euzeb Guidry * * * took and accepted as his share * * * a certain tract of land, containing 296 or 300 acres, which said tract he remained in possession of during the remainder of his life, and which said tract his

heirs and * * * respondents have been in possession of ever since, covering a period of fifty years."

Further answering, defendants allege that the Sketch A "does not show the said act of partition as it was executed between the said parties," and that, if the partition should be re-established according to said sketch, "they would be deprived of a strip along the southern boundary line of their land which they and their authors have been in possession of for over fifty years, and which said strip would be 663 feet wide on the western boundary line, * * * and 547 feet wide on the eastern boundary line, by the entire depth between the eastern and western boundary lines. Respondents further represent that the land which each of the said parties accepted in the said act of partition, and which is still in the possession of the heirs of each of the said parties to the said act, just as it was divided and partitioned and accepted by the said parties, * * * is all of the land that was included in the said act of partition."

The subjoined Sketch X (prepared from those filed in evidence by the litigants, to aid the court in the effort to make itself intelli-

SKETCH X.

T. 10 S.R. 4 E.

gible, but without any pretension to absolute accuracy of detail) shows the entire tract which was the subject of the partition, and the subdivisions resulting from the partition according to the views of the plaintiffs and defendants, respectively; the plaintiffs contending that the tract partitioned was that included within the letters A, N, O, P, Q, B; that Sarrazin Broussard took the subdivision M, N, O, P, Q, R; that Eugene Broussard took the subdivision E, M, R, F; and that Euzeb Guidry took the subdivision A, E, F, B; and the defendants contending that the tract partitioned was that included within the letters D, N, O, P, Q, C; that Sarrazin and Eugene Broussard took the subdivisions included within the letters H, N, O, P, Q, G; that Euzeb Guidry took the subdivision D, H, G, C; and that Eugene Broussard subsequently exchanged the tract 1 for the tract 2.

It is not and cannot be denied that the entire tract, as shown on Sketch X, belonged in indivision at the date of the partition to Sarrazin and Eugene Broussard and Euzeb Guidry; nor is it denied that Sarrazin Broussard took the lower subdivision of the tract which was the subject of the partition, Eugene Broussard the subdivision next above, and Euzeb Guidry that lying farthest to the north; and no sufficient reason is assigned why the tract included within the letters A, B, C, D should have been omitted, or why Euzeb Guidry should have failed to take possession of it, as forming part of the subdivision acquired by him. Moreover, it is affirmatively shown that on June 1, 1868, Euzeb Guidry sold to Jean Comeaux fractional section 40 of T. 10 S., R. 3 E.; fractional section 84 of T. 10 S., R. 4 E.; a portion of Sec. 38, T. 11 S., R. 3 E.; and a portion of Sec. 49, T. 11 S., R. 4 E.; being the tract included within the letters A, S, T, and forming part of the subdivision which is said to have been omitted from the partition, and of which the heirs of Guidry now say that their ancestor and author nev-

er took possession; and the tract thus acquired was sold by Comeaux in 1869 to Onezime Trahan (or Destrahan), who is in possession as owner at this time. It is further affirmatively shown that about 19 years ago the heirs of the Guidrys moved so much of the fence indicating the lower boundary of their property as extended for about 20 arpents eastward from the western line some 2½ arpents further south, and that they thereafter again moved it further south, presumably to the position which it now occupies (indicated on Sketch X by the letters I, J); and whilst there is some evidence going to show that the change first mentioned was made with the approval of Eugene Broussard, from which it seems likely that it was made in carrying into effect an agreement for the exchange of certain lands lying on the west side of his tract for land belonging to the Guidrys, lying to the east and south of said tract, there is nothing to show that Eugene Broussard ever consented to any other change, and several witnesses testify that the boundary line for some 20 arpents eastward from the western boundary of the property has always been in dispute. Sketch A, which the plaintiffs annex to their petition, was found nearly 40 years ago among papers of Sarrazin Broussard, who died in 1867. It is not positively identified with the act of partition, nor is it shown when it was made, but the admissions and corroborative evidence in the record seem to us to leave no room for reasonable doubt that it is the sketch agreeably to which the partition in question was effected.

### Opinion.

It will be observed that the defendants admit that Sarrazin Broussard, Eugene Broussard, and Euzeb Guidry were the owners in common of the tract represented on Sketch A and on Sketch X. They also admit specifically that said owners "partitioned the same in kind," but this latter admis-

sion is withdrawn or qualified by their subsequent allegations, that only the land of which the parties took possession was included in the partition, and by the testimony offered by them to prove that Euzeb Guidry never took possession of the strip lying upon the northern boundary of the tract, and included, on Sketch X, within the letters A, B, C, D. As we have seen, however, Euzeb Guidry as early as 1868 sold all that portion of the strip in question which lies to the westward of the Coulee des Noix to Jean Comeaux, who testifies that it was pointed out by Guidry himself, aided by a surveyor. The defendants' position as to the northern boundary of the subdivision of which their author took possession is not, therefore, sustained by the fact.

For some reason not clearly explained, the successors in title of Euzeb Guidry seem to have paid but little attention to the strip A, B, C, D, and Trahan, who bought from Comeaux in 1869, testifies that he did not know for several years just where his northern boundary was, and only made the discovery when a portion of his land included in said strip had been sold for taxes, whereupon he convinced the tax purchaser that he had acquired nothing by his purchase, and has since then heard nothing from him. To whom the property was then assessed does not appear, but it does appear that in 1892 a tract of 80 acres, said to be identified as that portion of the strip in question which lies to the eastward of the coulee, was assessed as belonging to the heirs of Sarrazin and Eugene Broussard and Euzeb Guidry, and in 1893 was sold to Dupre Broussard (a son-in-law of Euzeb Guidry) and Oliver S. Broussard for $10.58. This circumstance does not, however, affect the fact that Euzeb Guidry had 25 years before assumed dominion as sole owner of said strip, and had put his vendee in possession of the western end of it.

Under these circumstances, and consid-

ering that the defendants base their assertion that the southern boundary of their land was originally established at the line H, G (as shown on the Sketch X), upon the proposition that the northern boundary was originally established on the line D, C (as shown on said sketch), the superstructure must fall with the foundation, and we must hold that the lines established by the partition were as represented on Sketch A.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the plaintiffs, re-establishing the partition heretofore made between Sarrazin and Eugene Broussard and Euzeb Guidry, of the land described in the petition, in accordance with Sketch A, annexed to plaintiffs' petition. It is further adjudged and decreed that the defendants pay all costs.